CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 5 2007
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN ALEXANDER POTTS<br>Plaintiff, | )<br>) Civil Action No. 7:07-cv-00438<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| FEDERAL BUREAU OF PRISONS,<br>Defendant. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Plaintiff Benjamin Alexander Potts, a federal inmate proceeding pro se, brings this civil rights action, pursuant to 28 U.S.C. § 1361, with jurisdiction vested pursuant to 28 U.S.C. §1331. Potts, an inmate at United States Penitentiary, Lee County in Jonesville, Virginia, seeks the issuance of a writ of mandamus to compel Defendants to comply with "the protoc[o]ls of the inmate grievance program." (Compl. at 8.) Potts alleges that he lives in "harsh conditions of confinement" and that Defendants fail to properly redress his grievances. (Compl. at 7.) He further alleges that Defendants retaliate against him for participating in the grievance process. (Compl. at 8.) I find that Potts' claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

It is well-established that a writ of mandamus is considered a "drastic" remedy that is to be utilized only when the petitioner has made a showing that he has "no other adequate means" to attain the relief he desires, and that his right to that relief is "clear and indisputable." See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 402 (1976). Before a writ of mandamus may properly issue from a district court, a plaintiff must establish the following: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. In re First Fed. Sav. &

Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988); Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002). Courts are extremely reluctant to grant a writ of mandamus. In re Ford Motor Co., 751 F.2d 274, 275 (8th Cir. 1984). Such a decision is largely a matter of discretion with the court addressing the application for the writ. Kerr, 426 U.S. at 403.

Inmates do not have a constitutionally protected right to participate in a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); Brown v. Dodson, 863 F. Supp. 284 (W.D. Va. 1994); see also Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal regulations providing for administrative remedy procedure do not in and of themselves create liberty interest in access to that procedure). Accordingly, as Potts does not have a clear right to relief, I decline to issue a writ of mandamus in this matter.

In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. Furthermore, an inmate must present more than conclusory allegations of retaliation. Id. at 74. Inasmuch as inmates do not have a constitutionally protected right to participate in a grievance procedure, Potts' claim of retaliation would therefore also fail. Furthermore, Potts' bald assertions concerning "Defendants' continued use of retaliation and impediments" are insufficient to support his claim. (Compl. at 8.)

Accordingly, I will dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which the court may grant relief. An appropriate Order will issue this day.

ENTER: This 25th of September, 2007.

Senior United States District Judge